

ENTERED
02/21/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| BARBARA A. EASLEY, | ) CASE NO. 10-32981-H3-13 |
| Debtor, | ) |
| BARBARA A. EASLEY, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 10-3173 |
| ALEXANDRIA INVESTMENT GROUP, INC. | ) |
| Defendant. | ) |

MEMORANDUM OPINION

The court previously held a trial in the instant adversary proceeding, and awarded Plaintiff damages. The court reserved for an additional evidentiary hearing the amount of attorney fees to be awarded to Plaintiff. The court has held the evidentiary hearing on the amount of attorney fees. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Barbara A. Easley ("Debtor") purchased a 2007 Dodge Charger from Alexandria Investment Group, Inc., d/b/a Amazon Auto Sales ("Defendant") on January 30, 2010. Debtor initially financed an amount of $11,847.44.

Defendant repossessed the Dodge, on or about March 15, 2010, and sold the Dodge to a third party on April 5, 2010.

On April 6, 2010, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

By April 8, 2010, Defendant had recovered the Dodge from the third party purchaser.

On April 15, 2010, Debtor filed the complaint in the instant adversary proceeding, seeking, inter alia, turnover of the Dodge, and damages.

After a hearing on April 20, 2010, Defendant turned over the Dodge to Debtor on April 20, 2010.

At the instant hearing on the amount of attorney fees, Reese Baker,[1] attorney for Debtor, proffered his testimony, in the form of a written memorandum. Baker authenticated his firm's invoice, representing 54 hours of attorney time, and 54.6 hours of paraprofessional time, in the amounts of $16,915 for attorney

---

[1] Baker's firm is called "Baker & Associates." Baker's memorandum identifies both Baker, individually, and the firm, as "Baker." In this opinion, "Baker" identifies Baker, individually, and "Baker's firm" identifies the firm.

time and $6,717 for paraprofessional time.

The time entries attached to Baker's memorandum reflect 0.7 hour spent on March 26, 2010, by Alan Gregory, an attorney with Baker's firm, consulting with Debtor and preparing for the filing of an adversary proceeding, before the Chapter 13 case was filed.

During the time period from April 8, 2010 through April 20, 2010, Baker's firm billed a total of $3,222.50, representing 10.5 hours of attorney time and 3.5 hours of paralegal time, in preparing pleadings, preparing for and attending hearings, and monitoring the status of the return of the vehicle.

Don Knabeschuh, attorney for Defendant, testified that he was retained on June 20, 2010, two days prior to the initial status conference set by the court pursuant to its comprehensive scheduling order.  He testified that, after the status conference on June 22, 2010, he requested that Patrick Gilpin, the attorney from Baker's firm who appeared at the status conference, enumerate Plaintiff's damages.

From April 20, 2010, the date on which the Dodge was returned to Debtor, through June 22, 2010, the date of the initial status conference, Baker's firm billed a total of $1,314.00, representing 4.0 hours of attorney time and 2.1 hours of paralegal time, in preparing certificates of service, planning

3

strategy, and appearing at the status conference.

Knabeschuh testified that, although after the June 22, 2010 status conference and on two other occasions, he had requested an enumeration of Plaintiff's asserted damages in order to settle the instant adversary proceeding.  He received no response until he propounded formal discovery.

After the June 22, 2010 status conference, Baker's firm billed a total of $18,856.00, representing 32.5 hours of attorney time and 38.2 hours of paralegal time, in responding to discovery, preparing discovery, preparing for the pretrial conference, assembling documents for trial, and conducting the trial, plus an additional 4.5 hours of attorney time and 1.0 hour of paralegal time, in preparing for and participating in the hearing on the amount of attorney fees.

After a trial conducted on January 18, 2011, the court awarded Debtor $543.00 in damages, reflecting Debtor's cost of a rental car during the 14 day period postpetition when Defendant retained the Dodge plus the value of personal property Debtor testified was missing from the Dodge when it was returned to Debtor.  The court also determined that Debtor would be awarded a reasonable attorney fee.

Conclusions of Law

Under Section 362(k) of the Bankruptcy Code, "an

individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

The attorney fees awarded under Section 362(k) of the Bankruptcy Code must bear a reasonable relationship to the amount in controversy. <u>Mitchell v. BankIllinois</u>, 316 B.R. 891 (S.D. Tex. 2004) (<u>citing</u> <u>Mid-Continent Cas. Co. v. Chevron Pipe Line Co.</u>, 205 F.3d 222 (5th Cir. 2000) and <u>Jerry Parks Equipment Co. v. Southeast Equipment Co.</u>, 817 F.2d 340 (5th Cir. 1987)).

In the instant case, the services rendered by Baker's firm in preparing a complaint and a motion for expedited hearing, and preparing for and attending the expedited hearing, are reasonable. The services rendered by Baker's firm in preparing for the initial status hearing are reasonable. A reasonable fee for those services is $4,536.50.[2]

Long before the date of the June 22, 2010 status hearing, Defendant had returned the Dodge to Debtor. The only issue left for resolution at that time was the amount of damages. Knabeschuh's testimony regarding his efforts to make contact and

---

[2] This amount represents the $3,222.50 for services from April 8, 2010 through April 20, 2010, and the $1,314.00 for services from April 21, 2010 through June 22, 2010. The services rendered prepetition in preparing for an adversary proceeding, before Debtor had even filed the petition and made demand for the vehicle, are unreasonable.

5

reach settlement after June 20, 2010 was credible.  Baker's firm had a duty to mitigate damages.  Those damages consisted primarily of attorney fees.  It is objectively unreasonable for Baker's firm to have continued aggressive discovery and litigation tactics after June 22, 2010.  The court will allow an additional $385.00, for one hour of Baker's time, after that date, for the reason that it might have taken that long to reach a settlement as to the amount of damages.  The remainder of the fees sought are not reasonable, and are not awarded.  Baker is not to collect the remainder of the fees sought from Defendant or from Debtor.

  Based on the foregoing, a separate conforming Judgment will be entered.

  Signed at Houston, Texas on February 21, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE